IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,158-01




EX PARTE JAMES EDWARD HOFFMAN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 12-6-7278-A IN THE 24TH DISTRICT COURT
FROM CALHOUN COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unlawful
possession of a firearm by a felon, and was sentenced to six years’ imprisonment. He did not appeal
his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate or discuss possible defenses with Applicant before advising him to plead guilty. 
Applicant alleges that he was not present when the firearm was found, and that there was no
evidence that he actually possessed the firearm. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with copies of all plea documents,
including the written admonishments, plea agreement, judicial confession and stipulations. The trial
court shall then make findings of fact and conclusions of law as to whether the performance of
Applicant’s trial counsel was deficient and, if so, whether counsel’s deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: April 30, 2014
Do not publish